UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. James B. Clark, III |
| | : | |
| v. | : | Mag. No. 25-12130 |
| | : | |
| PABLO DOMINGUEZ RAMIREZ-VASQUEZ | : | **CRIMINAL COMPLAINT** |
| | : | |

I, Jonathan M. Colon, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Deportation Officer with United States Immigration and Customs Enforcement, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

s/*Jonathan M. Colon*
Jonathan M. Colon, Deportation Officer
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement

Officer Colon attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 7th day of August 2025.

Hon. James B. Clark, III
United States Magistrate Judge

**ATTACHMENT A**

**(Illegal Reentry)**

On a date on or after November 21, 2018, and on or before May 20, 2021, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**PABLO DOMINGUEZ RAMIREZ-VASQUEZ,**

being an alien who was deported and removed and having departed from the United States while an order of deportation and removal was outstanding, and thereafter, without the express consent of the Secretary of Homeland Security of the United States or the Attorney General of the United States to reapply for admission prior to his reembarkation at a place outside the United States, did knowingly and voluntarily enter, and on or about May 20, 2021, was found in, the United States.

In violation of Title 8, United States Code, Section 1326(a).

**ATTACHMENT B**

I, Jonathan M. Colon, am a Deportation Officer in the Enforcement and Removal Operations unit of U.S. Immigration and Customs Enforcement. The information contained in this complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including immigration records and other documents. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, PABLO DOMINGUEZ RAMIREZ-VASQUEZ ("RAMIREZ-VASQUEZ"), is a citizen of Guatemala and is not a citizen of the United States.

2. On or about November 8, 2018, the United States Border Patrol encountered RAMIREZ-VASQUEZ near Laredo, Texas. On or about November 10, 2018, the United States Department of Homeland Security found RAMIREZ-VASQUEZ inadmissible and issued RAMIREZ-VASQUEZ a Form I-860 Notice and Order of Expedited Removal.

3. On or about November 21, 2018, RAMIREZ-VASQUEZ was removed from the United States to Guatemala. Shortly before his removal, an official from the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), took a fingerprint from RAMIREZ-VASQUEZ and a photograph of RAMIREZ-VASQUEZ's face.

4. Following his November 2018 Removal, RAMIREZ-VASQUEZ re-entered the United States without permission on an unknown date. On or about May 20, 2021, ICE encountered RAMIREZ-VASQUEZ while he was detained at the Essex County Jail on unrelated charges and lodged an immigration detainer.

5. Fingerprint analysis by ICE confirms that RAMIREZ-VASQUEZ's fingerprints taken following his July 28, 2025 entry into ICE custody match the fingerprints taken just prior to RAMIREZ-VASQUEZ's removal in November 2018. Visual inspection of RAMIREZ-VASQUEZ confirms that RAMIREZ-VASQUEZ is the same person in the photograph taken just prior to RAMIREZ-VASQUEZ's removal in November 2018.

6. Neither the Secretary of Homeland Security nor the Attorney General of the United States expressly consented to RAMIREZ-VASQUEZ's re-application for admission to the United States prior to his re-embarkation at a place outside

the United States, or to his re-entry into the United States. RAMIREZ-VASQUEZ also did not receive a waiver allowing him to re-enter the United States.